IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TAMMY BAUSLEY, o/b/o
V.R.                                                                            PLAINTIFF

V.                                      NO. 11-2072

MICHAEL J. ASTRUE,
Commissioner of the Social Security Administration            DEFENDANT

### MEMORANDUM OPINION

Plaintiff, Tammy Bausley, brings this action on behalf of her minor niece, V.R., as her legal guardian, seeking judicial review, pursuant to 42 U.S.C. § 405(g), of a decision of the Commissioner of the Social Security Administration (Commissioner) denying V.R.'s application for child's supplemental security income (SSI) benefits under Title XVI of the Social Security Act.

**I.     Procedural Background:**

Plaintiff protectively filed the application for SSI on V.R.'s behalf on February 24, 2006, alleging that V.R. was disabled due to attention deficit hyperactivity disorder ("ADHD"), adjustment disorder with mixed anxiety and depressed mood, headache, and stomach aches. (Tr. 83, 541). An administrative hearing was held on October 3, 2007, at which Plaintiff and V.R. testified. (Tr. 487-506). Plaintiff and V.R. were represented by counsel. Following the ALJ's unfavorable decision dated March 26, 2008, the Appeals Council declined review of Plaintiff's request, and the ALJ's decision became the final administrative action of the Commissioner. (Tr. 541). On September 15, 2009, Magistrate Judge James R. Marchewski entered a Memorandum

-1-

AO72A
(Rev. 8/82)

Opinion and Judgment, reversing and remanding the matter to the Commissioner for further

consideration, pursuant to sentence four of 42 U.S.C. § 405(g). (Tr. 540-541).

After remand, on October 5, 2010, another hearing was held before the ALJ, at which

Plaintiff and V.R. testified and were represented by counsel. (Tr. 805-828). The ALJ, in a

written decision dated January 31, 2011, found that V.R. was not disabled, as V.R. did not have

an impairment that met or was medically or functionally equal to a listed impairment. (Tr. 513-

514).

Subsequently, Plaintiff filed this action. (Doc. 1). The case is before the undersigned

pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the

case is now ready for decision. (Docs.9, 11).

## II.      Applicable Law:

This Court's role is to determine whether the Commissioner's findings are supported by

substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir.

2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind

would find it adequate to support the Commissioner's decision. The ALJ's decision must be

affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d

964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the

Commissioner's decision, the Court may not reverse it simply because substantial evidence exists

in the record that would have supported a contrary outcome, or because the Court would have

decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other

words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ

-2-

must be affirmed.  Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The regulations prescribe a three-step process for making the disability determination.  First, the ALJ must determine whether the child has engaged in substantial gainful activity.  See 20 C.F.R. 416.924(b).  Second, the ALJ must determine whether the child has a severe impairment or combination of impairments.  See 20 C.F.R. 416.924(c).  Third, the ALJ must determine whether the severe impairment(s) meets, medically equals, or functionally equals a listed impairment.  See 20 C.F.R. § 416.924(d).  Whether V.R.'s impairments are functionally equivalent in severity to any listed impairment may be established by demonstrating marked limitations in two, or extreme limitations[1] in one of the following "domains."  1) acquiring and using information; 2) attending and completing tasks; 3) interacting and relating with others;  4) moving about and manipulating objects; 5) caring for yourself; and 6) health and physical well-being.  See 20 C.F.R. §§ 416.926(b)(1), 416.926a(d).  The ALJ should consider all relevant evidence in the case to determine whether a child is disabled, and the evidence may come from acceptable medical sources and from a wide variety of "other sources," including teachers.  SSR 09-2P.  In fact, the Commissioner's regulations for childhood disabilities "provide that parents

---

[1](2)Marked limitation -(i)We will find that you have a "marked" limitation in a domain when your impairment(s) interferes seriously with your ability to independently initiate, sustain, or complete activities.  Your day-to-day functioning may be seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities.  "Marked" limitation also means a limitation that is "more than moderate" but "less than extreme."  It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least two, but less than three, standard deviations below the mean....

(3)Extreme limitation - (i) We will find that you have an "extreme" limitation in a domain when your impairment(s) interferes very seriously with your ability to independently initiate, sustain, or complete activities.  Your day-to-day functioning may be very seriously limited when your impairment(s) limits only one activity or when the interactive and cumulative effects of your impairment(s) limit several activities.  "Extreme" limitation also means a limitation that is "more than marked."  "Extreme" limitation is the rating we give to the worst limitations.  However, "extreme limitation" does not necessarily mean a total lack or loss of ability to function.  It is the equivalent of the functioning we would expect to find on standardized testing with scores that are at least three standard deviations below the mean.

20 C.F.R. § § 416.926a(e)(2) and (3).

AO72A
(Rev. 8/82)

and teachers, as well as medical providers, are important sources of information." Lawson v. Astrue, 2009 WL 2143754, at *9 (E.D. Mo. July 13, 2009), citing 20 C.F.R. §416.9249. In the present case, the ALJ found that V.R.'s claim failed at step three, as V.R. did not have an impairment that met or medically or functionally equaled a listed impairment.

**III.    Discussion:**

What is of concern to the Court is the ALJ's failure to follow the Court's direction upon remand. In Judge Marchewski's opinion, he directed the ALJ, upon remand, to

> address interrogatories to V.T.R.'s treating physician and counselor, asking them to review V.T.R.'s medical records during the relevant time period; to complete an RFC assessment regarding V.T.R.'s capabilities during the time period in question; and, to give the objective basis for their opinions, so that an informed decision can be made regarding V.T.R.'s ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985).

(Tr. 551-552). However, there is no indication that, subsequent to remand, the ALJ directed any interrogatories to V.R.'s treating physician or counselor, or had them complete the equivalent of an RFC assessment (Children's Individual Functional Assessment). Instead, such an assessment was completed by Jolene Trotter, who, as indicated at the October 5, 2010 hearing, was V.R.'s biology teacher. (Tr. 811). Ms. Trotter completed a Children's Individual Functional Assessment on September 27, 2010, in which she reported, inter alia, that V.R. had a "markedly interfering" limitation in acquiring and using information and attending to and completing tasks. (Tr. 784). While the ALJ did not have to give Ms. Trotter's assessment great weight, as she is not an acceptable medical source, it was made clear at the hearing that she was one of V.R.'s teachers, and her opinion could be considered as an important "other source." The Court does

-4-

AO72A
(Rev. 8/82)

not understand why the ALJ indicated he did not know Ms. Trotter's relationship to V.R. or her professional qualifications, since V.R.'s attorney noted who she was at the hearing.

There is no evidence of any interrogatories sent to V.R.'s treating physician or counselor and no evidence a functional assessment was completed by them subsequent to Judge Marschewski's remand.  Thus, the Court believes this matter should once again be remanded with directions for the ALJ to comply with the directives set forth by Judge Marschewski in his Memorandum Opinion.

In addition, it is noteworthy that although the ALJ did not find V.R.'s allegations of disabling symptoms and limitations to be wholly credible, he obviously chose to find her credible when he noted that V.R. testified that she had several friends at school and home and that she played with them almost daily, which was strongly disputed by V.R.'s guardian. (Tr. 516, 520).

## IV.  Conclusion:

For the reasons stated herein, the Court hereby finds that there is not substantial evidence to support the ALJ's findings, and therefore remands this case to the Commissioner for further proceedings consistent with the opinion, pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 26th day of July, 2012.


/s/ *Erin L. Setser*
　HON. ERIN L. SETSER
　UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)